UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS, | No. 2:17-cv-0993 DB P |
| Plaintiff, | |
| v. | ORDER |
| ARYA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge in this case. Plaintiff has neither paid the filing fee nor sought to proceed in forma pauperis. For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis unless he shows he is in imminent danger of serious physical injury. Plaintiff will be given the opportunity to either pay the filing fee or file a motion to proceed in forma pauperis and make a showing that he is in imminent danger of serious physical injury.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

////

1

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## HAS PLAINTIFF ACCRUED THREE STRIKES?

Prior to the date plaintiff initiated this action on May 11, 2017, numerous judges in this court had found that plaintiff may not proceed with a civil rights action in forma pauperis because he has suffered at least three strikes. See, e.g., Bontemps v. Lebeck, No. 2:17-cv-0881 CMK (E.D. Cal. June 9, 2017); Bontemps v. Lawaya, No. 2:16-cv-2424 CKD P (E.D. Cal. Apr. 10, 2017); Bontemps v. Hicks, No. 1:16-cv-1854-EPG (E.D. Cal. Jan. 23, 2017); Bontemps v. Harper, No. 2:13-cv-0506-MCE-EFB, 2016 WL 1339577 (E.D. Cal. Apr. 5, 2016), report and reco. adopted, 2016 WL 3135840 (E.D. Cal. June 2, 2016); Bontemps v. Sotak, No. 2:09-cv-2115-MCE-EFB, 2015 WL 812360 (E.D. Cal. Feb. 25, 2015), report and reco. adopted, 2015 WL 1469870 (E.D. Cal. Mar. 30, 2015).

In Sotak, the court analyzed plaintiff's prior dismissed cases. This court has carefully reviewed the decision in Sotak and agrees with the analysis set out in that case. For the reasons stated in Sotak, the court finds plaintiff has suffered three strikes under § 1915(g).

**IS PLAINTIFF IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?**

Because plaintiff has accrued three strikes, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint filed May 11, 2017. Plaintiff states one claim for deliberate indifference to his medical needs. The one paragraph describing plaintiff's claim is not completely legible. It appears that plaintiff generally states that defendants have not acted professionally in treating him. A review of the more recent attachments to plaintiff's complaint, shows that he may be alleging he is not receiving adequate pain medication. The court does not have sufficient information to determine whether plaintiff was, on May 11, 2017 when he filed his complaint, in imminent danger of serious physical injury. Plaintiff will be given an opportunity to show that he meets the imminent danger standard.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within thirty days of the date of this order, plaintiff shall either:

    a. pay the $400 filing fee to proceed in this action, or

////

////

      b. file an Application to Proceed In Forma Pauperis. If plaintiff chooses to file an Application to Proceed In Forma Pauperis, he must include a statement explaining whether he is in imminent danger of serious physical injury.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff's failure to comply with this order may result in dismissal of this action.

Dated: June 15, 2017

                                      DEBORAH BARNES
                                      UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/bont0993.3 strikes