UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS, | No. 2:17-cv-0993 DB P |
| Plaintiff, | |
| v. | ORDER |
| ARYA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In an order filed June 16, 2017, the court held that plaintiff has accrued three strikes under 28 U.S.C. 1915(g) and may not proceed in forma pauperis unless he is "under imminent danger of serious physical injury." (ECF No. 4.) The court ordered plaintiff to either pay the filing fee or file a motion to proceed in forma pauperis along with a statement explaining whether he is in imminent danger. On June 28, plaintiff filed a motion to proceed in forma pauperis and a statement that he is in "imminent danger of serious physical injury." (ECF Nos. 5, 6.)

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or

1

hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Here, plaintiff alleges he has been subjected to excessive force, targeted for physical harassment, aggressively searched, groped in a sexual manner, and placed in manacles even though his physician ordered that he only be placed in waist chains. (See ECF No. 5.) Plaintiff simply lists a number of incidents he alleges have occurred since he was incarcerated at CSP-Sac in April 2016. Plaintiff does not allege a specific and ongoing danger of any physical injury. Nor does he make any credible and non-speculative allegation that there is a real and proximate threat to his physical safety. See Andrews, 493 F.3d at 1053 (citing Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002); Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001)).

For these reasons, the court finds plaintiff has not demonstrated an imminent danger as required by Andrews. Plaintiff therefore does not fall within the imminent danger exception to the three strikes rule and may not proceed in forma pauperis in this case. See 28 U.S.C. § 1915(g). If plaintiff wishes to proceed with this action, he must pay the $350 filing fee and $50 administrative fee. Failure to pay these fees with result in dismissal of this action.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is denied; and

////
////
////
////
////
////

2

2. Within fourteen days of the filed date of this order, plaintiff shall pay $400 in fees to proceed with this action. If plaintiff fails to pay these fees, the court will dismiss this action without prejudice.

Dated: July 5, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/bont0993.no ifp