1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY C. BONTEMPS,                    No.  2:17-cv-00993 DB P

12                  Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   ARYA, et al.,

15                  Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  On May 11, 2017, he filed this civil rights

18   action under 42 U.S.C. § 1983.  In an order dated June 16, 2017, this court found that plaintiff had

19   accrued three strikes under 28 U.S.C. § 1915(g) and, to proceed with this action, he must either

20   pay the $400 fee or seek to proceed in forma pauperis ("IFP") by demonstrating he was in

21   imminent danger of serious physical injury.  (See ECF No. 4.)  Plaintiff then filed a motion to

22   proceed IFP.  (ECF No. 6.)  The court found plaintiff failed to demonstrate he was in imminent

23   danger, denied plaintiff's motion to proceed IFP, and ordered plaintiff to pay the filing fee if he

24   wished to proceed with this action.  (ECF No. 7.)  When plaintiff did not pay the filing fee, on

25   August 2, 2017, the court dismissed the case without prejudice.  (ECF No. 8.)

26         Plaintiff filed an appeal.  The Court of Appeal vacated this court's dismissal of this action

27   based on its decision in Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017).  (ECF No. 13.)

28   ////

In <u>Williams</u>, issued November 9, 2017, the Ninth Circuit Court of Appeals held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. <u>Williams v. King</u>, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." <u>Id.</u> at 501.

Here, defendants were not served at the time the court issued its orders finding plaintiff had suffered three strikes, finding plaintiff had not demonstrated imminent danger, and dismissing this case. Accordingly, the undersigned magistrate judge lacked jurisdiction to make these determinations and to dismiss this action based solely on plaintiff's consent.

In light of the holding in <u>Williams</u>, this court will recommend to the assigned district judge that he or she find plaintiff has suffered three strikes, for the reasons set forth in the June 16, 2017 order, and find that plaintiff has failed to show that, at the time he filed his complaint, he was in imminent danger of serious physical injury, for the reasons set forth in the July 6, 2017 order.

Accordingly, the Clerk of the Court IS HEREBY ORDERED to assign a district judge to this case.

Further, IT IS HEREBY RECOMMENDED that:

1. The court find plaintiff has accrued three strikes under 28 U.S.C. § 1915(g) for the reasons set forth in the court's June 16, 2017 order (ECF No. 4);

2. The court find plaintiff failed to demonstrate that, at the time he filed his complaint, he was in imminent danger of serious physical injury, for the reasons set forth in the July 6, 2017 order (ECF No. 7); and

3. The court deny plaintiff's motion to proceed IFP (ECF No. 6).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 31, 2018

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/bont0993.3 strikes fr

3